Raisa R. MAYES, Plaintiff-Appellant,

v.

David A. LEIPZIGER and Levy, Leipziger & Norminton, Defendants-Appellees.

No. 82–6002.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 8, 1983.

Decided March 27, 1984.

Bruce Wexler, Sidney S. Bobbe, New York City, Walter K. Rosen, MacCarley, Phelps & Rosen, Toluca Lake, Cal., for plaintiff-appellant.

Barry Kaiman, Lewis, D'Amato, Brisbois & Bisgard, Los Angeles, Cal., for defendants-appellees.

Before SKOPIL, FERGUSON and CANBY, Circuit Judges.

SKOPIL, Circuit Judge:

Mayes appeals from an order of the district court dismissing her legal malpractice complaint against her former attorney. We conclude that the court improperly denied Mayes' right to amend. We reverse.

FACTS AND PROCEEDINGS BELOW

In 1976 Mayes, a New York resident, brought an action in federal district court in California. A California attorney represented her. Dissatisfied with the result, Mayes retained another California attorney, David Leipziger, to represent her in a motion for new trial. When the motion was denied, Leipziger agreed to pursue an appeal in the California case, but failed to file a timely notice of appeal. Mayes sued Leipziger in New York for legal malpractice, but the district court dismissed for lack of personal jurisdiction. The Court of Appeals for the Second Circuit affirmed. *Mayes v. Leipziger*, 674 F.2d 178 (2d Cir. 1982).

Shortly thereafter, Mayes brought this action in California alleging the same cause of action. Mayes moved to have the case

reassigned to another judge because Judge Real previously heard Mayes' 1976 case. Leipziger moved to dismiss the action under Fed.R.Civ.P. 12(b)(6) on the ground that the action was barred by California's one year statute of limitations for legal malpractice. Cal.Civ.Proc.Code § 340.6. Mayes, in opposition to the motion, claimed that the New York action equitably tolled the statute of limitations. She requested that if the complaint was dismissed, leave to amend be granted to allege equitable tolling.

The district court granted Leipziger's motion and ordered the complaint dismissed without leave to amend and the action dismissed with prejudice. The court then denied Mayes' motion to reassign on the ground that it was moot.

This appeal followed.

## ISSUES

1. Did the district court err in not reassigning the case to another judge?
2. Did Mayes have a right to amend her complaint?

## DISCUSSION

### 1. *Recusal*

 The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983). To provide grounds for recusal, prejudice must result from an extrajudicial source. *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir.1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). A judge's previous adverse ruling alone is not sufficient bias. *Nelson*, 718 F.2d at 321. We find no abuse of discretion in the dis-

trict court's failure to recuse itself, since Mayes' argument is based entirely on Judge Real's prior adverse judgment.[1]

### 2. *Right to Amend*

Mayes contends that she had a right under Fed.R.Civ.P. 15(a) to amend her complaint after dismissal. That rule provides, *inter alia*, that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served ...." In *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir.1963) we said:

A motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper ....

*See also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir.1983) (right to amend terminated only by responsive pleading); *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1310, n. 5 (9th Cir.1982) (same).

In *Worldwide Church of God, Inc. v. State of California*, 623 F.2d 613, 616 (9th Cir.1980), we said that "a party may, as a matter of right, amend its complaint once before the filing of a 'responsive pleading' or the entry of final judgment following dismissal of its action." In *Worldwide Church*, as here, no final judgment was entered. Similarly, in *Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir.1971), defendants filed no responsive pleading prior to their motion to dismiss for failure to state a claim. The district court granted the motion to dismiss the action without leave to amend. After noting Rule 15(a) and the absence of responsive pleading, we stated:

---

1. Mayes contends that 28 U.S.C. § 144 required the district court to rule on her motion before ruling on Leipziger's motion to dismiss. Section 144 requires that the affidavit must appear sufficient on its face before a judge is required to "proceed no further" and conduct a hearing. *Azhocar*, 581 F.2d at 738. We do not approve of the district court's action in rendering the recu-

sal motion "moot". Nevertheless, this is insufficient grounds for reversal. The affidavit contains no allegation that bias resulted from extrajudicial information. Had the district court considered the affidavit it would not have found on the face of the affidavit any basis for "proceeding no further" and conducting a hearing.

In their memorandum briefs filed in the district court, plaintiffs indicated that they wished to file an amended complaint.

It therefore appears that plaintiffs had the right to amend the complaint as a matter of course, which right was denied to them ....

*Id.* at 959.

■ Mayes argued below that if the district court "should rule that, on the face of the Complaint, the Statute of Limitations is a bar to the Complaint, the Court should grant leave to amend the Complaint with regard to the facts justifying ... tolling." She contended that the New York action equitably tolled the statute of limitations. Although unnecessary for preservation of her right to amend, Mayes indicated her intent to file an amended complaint. As in *Nolen*, Mayes' right to amend as a matter of course was wrongly denied.

■ Alternatively, even if denying leave to amend is within the court's discretion, that discretion here was abused. We review "strictly" a district court's exercise of discretion denying leave to amend. *Klamath-Lake Pharm. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983).

■ California equitably tolls its statutes of limitation during the pendency of an earlier case provided there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Retail Clerks Union Local 648, AFL–CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983) (quoting *Addison v. State*, 21 Cal.3d

313, 319, 146 Cal.Rptr. 224, 227, 578 P.2d 941 (1978)). We have previously applied California's doctrine of equitable tolling in a diversity case originally brought in another circuit. *Nelson v. International Paint Co.*, 716 F.2d 640, 645 (9th Cir.1983). The New York action against Leipziger was commenced within the time permitted by the California statute of limitations. The action gave Leipziger "timely notice of the need to begin investigating the facts which form the basis of that claim." *Loehr v. Ventura Community College Dist.*, 195 Cal.Rptr. 576, 584, 147 Cal.App.3d 1071 (1983). The complaints in the New York and California actions are nearly identical, so there is no obvious prejudice to Leipziger. *Id.* Good faith and reasonable conduct are demonstrated here by the fact that "plaintiff filed [her] second claim a short time after tolling ended." *Collier v. City of Pasadena*, 191 Cal.Rptr. 681, 686, 142 Cal.App.3d 917 (1983). The court abused its discretion in not allowing an amendment, since it appeared possible that Mayes could correct the defect.[2] *Breier*, 316 F.2d at 790.

■ Leave to amend may be denied for reasons of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). But, "where the record does not clearly dictate the district court's denial, we have been unwilling to affirm absent written findings ... and have reversed findings that were merely conclusory."

---

2. Mayes also contends that the statute of limitations was tolled because Leipziger continued to represent her after the New York malpractice action was commenced. Cal.Civ.Proc.Code § 340.6(a)(2). Because we hold that Mayes should have been permitted to amend her complaint to allege equitable tolling, discussion of when the attorney-client relationship ended is unnecessary. This issue is a question of fact to be decided on remand.

Leipziger contends that Mayes waived the equitable tolling issue by not raising it in her

opening brief. Mayes' brief states, however, that she "could successfully amend the Complaint so as to fully comply with the statute's tolling provisions." Mayes plainly was referring to the tolling arguments she raised in her opposition to the motion to dismiss. In addition, equitable tolling was specifically raised in Mayes' Reply Brief and oral argument. Pro se pleadings are held to less stringent standards. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1972).

*Klamath-Lake Pharm.*, 701 F.2d at 1292–93 (citations omitted). The record here does not clearly dictate denial of leave to amend nor has the district court supplied written findings. Under these circumstances, we remain unwilling to affirm denials of leave to amend.

## CONCLUSION

Mayes had a right under Rule 15(a) to amend her complaint as a matter of course. Even if she had no such right, leave should have been freely granted since amendment was not shown to be futile. Accordingly, we reverse and remand to permit Mayes to amend her complaint.

REVERSED and REMANDED.