951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy E. DESS, Petitioner-Appellant,
v.
Jack McCORMICK, Respondent-Appellee.
 No. 90-35840.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 26, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy E. Dess, a Montana state prisoner, appeals pro se the district court's denial of leave to file his 28 U.S.C. § 2254 habeas corpus petition without prepayment of the filing fee on the ground that the petition was frivolous. We affirm.
 
 
 3
 * We have jurisdiction to review the district court's denial of Dess's motion to proceed in forma pauperis. Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir.1987). We review the district court's denial of leave to proceed in forma pauperis for an abuse of discretion and review de novo its determination that Dess's petition was frivolous. Id.
 
 II
 
 4
 Under 28 U.S.C. § 1915(a), a district court may grant in forma pauperis status if a litigant is unable to pay the costs of the suit. Nevertheless, the district court may deny leave to proceed in forma pauperis if the action is frivolous. Tripati, 821 F.2d at 1369 (9th Cir.1987). A claim is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1980).
 
 
 5
 In his petition, Dess challenged the district court's refusal to grant him a certificate of probable cause to appeal the denial of his prior section 2254 petition. Dess claimed that the court's refusal to grant a certificate of probable cause denied him his right to appeal the denial of the prior petition.
 
 
 6
 The district court properly determined that this claim is frivolous. Dess filed the prior petition in 1985, the district court denied the petition and declined to issue a certificate of probable cause, and this court also denied a certificate of probable cause to appeal. Dess cannot collaterally attack the decisions to deny certificates of probable cause. See Fed.R.App.P. 22.[1]
 
 III
 
 7
 On appeal, Dess alleges that the district court's prior denial of a certificate of probable cause demonstrates bias and that the judge should have recused himself. A party must show extrajudicial bias or prejudice when seeking disqualification of a district court judge. Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). A judge's adverse rulings against a party in prior proceedings are not sufficient to establish bias in the absence of specific allegations of personal bias or prejudice. Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984). Here, Dess alleges only that the judge's bias is demonstrated by his prior adverse rulings against Dess. These allegations are not sufficient to establish bias. See id. at 607.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Dess's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Dess seeks to challenge his state court conviction in federal court, the appropriate vehicle is a 28 U.S.C. § 2254 habeas corpus petition addressing the merits of his claims. See 28 U.S.C. § 2254. Although a petition raising the same claims rejected on the merits in a prior habeas proceeding may be dismissed as a successive petition, see Rule 9(b), Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254, a district court may dismiss the subsequent petition as successive only if the ends of justice would not be served by reaching the merits of the subsequent petition, Sanders v. United States, 373 U.S. 1, 3 (1963). See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion) (discussing the "ends of justice" requirement"); see also McClesky v. Zant, 111 S.Ct. 1454, 1470 (1991) (same); Deutscher v. Whitley, 946 F.2d 1443, 1444-47 (9th Cir.1991) (same)