**Paul R. DUCKWORTH,**
**Plaintiff–Appellant,**

v.

**DEPARTMENT OF NAVY; Department of Justice, Defendants–Appellees.**

**No. 91–15921.**

United States Court of Appeals,
Ninth Circuit.

Decided Sept. 8, 1992.

---

Paul R. Duckworth, pro se.

Sheila K. Oberto, Asst. U.S. Atty., Fresno, Cal., for defendants-appellees.

WALLACE, Chief Judge:

Duckworth moved that I recuse myself from participation on the panel assigned to review the merits of his appeal. The motion is denied.

I

After receiving an adverse judgment in the district court, and filing the notice of appeal in this case, Duckworth filed a complaint of judicial misconduct against the district judge. The misconduct complaint, filed pursuant to the administrative procedures outlined in 28 U.S.C. § 372 and the *Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability* (Misconduct Rules), charged the district judge with ignoring the facts and misapplying the law in Duckworth's case.

 The misconduct complaint came before me in my administrative capacity as Chief Judge of the Circuit and, thus, as presiding officer over the Judicial Council of the Ninth Circuit. The Judicial Conduct and Disability Act of 1980 requires the chief judge of the circuit to review complaints of judicial misconduct. *See* 28 U.S.C. § 372(c)(3). A complaint of judicial misconduct must be dismissed if it is directly related to the merits of a judge's decision or procedural ruling. *See* 28 U.S.C. § 372(c)(3)(A)(ii); Misconduct Rule 4(c)(2). Under the judicial misconduct procedure, relief cannot be provided from a ruling or judgment of a court. *See* Commentary to Misconduct Rule 1. These rules rest on sound policy grounds because "[t]o determine whether a judge's rulings were so legally indefensible as to mandate intervention would require the same type of legal analysis as is afforded on appeal." *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir.1982).

I therefore dismissed the judicial misconduct complaint because the charges related directly to the merits of the district judge's decision, which were subject to review on appeal. In that order, I did not express any opinion regarding the merits of the district judge's determinations. Rather, I held that it would be inappropriate for me to consider rulings, or Duckworth's assignment of error to them, in the context of an administrative proceeding.

Duckworth has now filed an unsigned "Motion to Compel Court to Remove Chief

Judge Wallace from Judicial Panel," contending that my dismissal of the judicial misconduct complaint demonstrates clear bias against his claim on appeal.

## II

The legal standard for recusal lies in 28 U.S.C. § 455(a), which states that "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b)(1) deals with charges of "personal bias or prejudice" or "personal knowledge of disputed evidentiary facts," none of which is alleged here. Duckworth has complained only of the official action taken in dismissing his complaint of judicial misconduct. 28 U.S.C. § 144, which also addresses the issue of judicial bias or prejudice, applies on its face only to district judges.

■ The issue posed by this motion is whether my dismissal of his misconduct complaint raises questions of partiality sufficient to require my recusal from the appellate panel hearing his case.

## A.

■ In reviewing Duckworth's misconduct complaint, I did become aware of his dissatisfaction with the district judge's handling of the case. The misconduct complaint described some of the actions that Duckworth believed to be erroneous. However, knowledge of the facts of a case obtained in the course of earlier participation in the same case does not require recusal of the judge. *See United States v. Winston*, 613 F.2d 221, 223 (9th Cir.1980) (trial judge hearing a pretrial hearing in which co-defendant was found incompetent to stand trial; impartiality was not compromised as to defendant's trial). The alleged prejudice must result from an extrajudicial source. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986).

In *Mayes v. Leipziger*, 729 F.2d 605 (9th Cir.1984) (*Mayes*), a party sought to appeal an adverse decision from the district court, but her attorney failed to file a timely notice of appeal. Her subsequent malpractice action against her attorney was assigned to the same district judge as had ruled against her on her underlying claim. Even though the judge had already heard the facts of her claim in a separate action but involving some of the same issues, the judge was not required to recuse himself. "To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." *Id.* at 607 (citations omitted).

Other circuits have characterized the issue as a question of whether "the alleged bias is personal as opposed to judicial in nature." *United States v. Meester*, 762 F.2d 867, 884 (11th Cir.) (*Meester*), *cert. denied*, 474 U.S. 1024, 106 S.Ct. 579, 88 L.Ed.2d 562 (1985). In *Meester*, the allegations of prejudice included the judge's awareness of, and response to, the defendant's sister's escape from jail. Upon learning of the escape and of defendant's planned failure to appear, the judge called defendant's surety and placed defendant under surveillance by the Federal Bureau of Investigation. The Eleventh Circuit held that the defendant had not demonstrated "the requisite *personal* bias because the trial judge learned of [the sister's] escape in his capacity as presiding judge." *Id.* at 885 (emphasis added); *see also Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir.1988) ("[A]ppellants must show more than a disagreement with the judge's judicial philosophy: they must point out *personal*, extrajudicial bias." (emphasis added)); *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir.1983) ("These events and facts cannot be the source of a *personal* bias, because they arise from the judge's association with the proceeding." (emphasis added)).

Similarly in this case, Duckworth has made no allegation suggesting any personal bias. My exposure to the facts of his case came in my capacity as Chief Judge of the Circuit, administering the judicial misconduct complaint procedure. Under

*Mayes*, a "previous adverse ruling alone is not sufficient bias," and Duckworth charges no more than that. *Mayes*, 729 F.2d at 607.

This case is much stronger than *Mayes*, in which the judge had made an adverse ruling on some of the same issues and the same facts as he would be asked to address in the present action. A legal malpractice action, such as that in *Mayes*, requires not only proof of the attorney's negligence, but also proof that the plaintiff would have prevailed on the underlying claim. *See, e.g., Sukoff v. Lemkin*, 202 Cal.App.3d 740, 744, 249 Cal.Rptr. 42, 44 (1988). The trial judge in *Mayes* had already ruled against the plaintiff in the previous case on that underlying claim. *See Mayes*, 729 F.2d at 606. In the instant case, I did not address the substance of Duckworth's claims in the judicial misconduct proceeding; indeed, I dismissed the misconduct complaint because I could not address the merits in that forum.

### B.

■ Finally, the fact that I dismissed Duckworth's misconduct complaint in an administrative rather than a judicial capacity does not change the result. The administrative actions of a judge in his or her official capacity is judicial, rather than extrajudicial. *Cf. Mayes*, 729 F.2d at 607 (holding that information judge obtains in the performance of his judicial duties not extrajudicial); *United States v. Azhocar*, 581 F.2d 735, 740 (9th Cir.1978) (same), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). My handling of Duckworth's misconduct complaint was done in my official capacity as Chief Judge of the Circuit, and these administrative actions "were of a judicial, rather than a personal, nature." *Meester*, 762 F.2d at 885.

A similar conclusion was reached recently in *Cheeves v. Southern Clays, Inc.*, 797 F.Supp. 1570 (M.D.Ga.1992). A district judge concluded that an attorney had suborned perjury in his courtroom, and conferred with his chief judge as to what action he should take. The district judge

referred the matter to the United States Attorney for investigation, and an indictment ultimately issued against the attorney. The criminal case was assigned to the chief judge, who denied repeated motions for recusal. On a motion for discovery on one of these disqualification motions, it was held that the chief judge's action in conferring with the district judge was not extrajudicial:

> If a circumstance giving rise to a perceived or even a declared prejudice by a judge arises out of communications or events known to the judge only by virtue of prior judicial proceedings or actions taken by him or her in a judicial capacity (such as *administrative oversight* capacity by a chief judge, as in this case), there is no basis as a matter of law for disqualifying the judge.

*Id.* at 1581 (emphasis added). Here, the chief judge's exposure to underlying facts of the case in his administrative capacity as chief judge was not deemed sufficient grounds for recusal.

### III

The disposition of this motion is dictated by *Mayes*. The administrative actions of a presiding judge in his or her official capacity are not "extrajudicial" for purposes of a recusal motion. This is particularly true in a case such as this, where the administrative action closely reflects a judicial function, and where the previous administrative action did not involve an evaluation of the merits of Duckworth's claims.

MOTION DENIED.