996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James F. PORM, Plaintiff-Appellant,
v.
Howard A. PETERS, III, Director Illinois Department of
Corrections, Leo L. Meyer, William O'Sullivan, et
al., Defendants-Appellees.
 No. 91-3612.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 11, 1993.*
Decided April 28, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 James F. Porm, an inmate at the Western Illinois Correctional Center, sued various officials of the Illinois Department of Corrections pursuant to 42 U.S.C. § 1983. In essence, his pro se complaint alleged that the defendants knowingly exposed him to four prisoners who had Acquired Immune Deficiency Syndrome (AIDS), and that the defendants were deliberately instituting a "double-celling" policy (1) without screening out potentially AIDS-infected prisoners, and (2) despite an engineering report that recommended against implementing the "double-celling" because the building was "structurally unsound" and hence "unsafe." The defendants moved to dismiss Porm's complaint under Federal Rule of Civil Procedure 12(b)(6). Porm responded to this motion. In the conclusion to this response, he requested leave to amend under Rules 15 and 19(a) in case the court found his complaint "insufficient in factual allegations to support any claim presented or contained therein."[1] Without addressing Porm's request to amend, the district court granted the defendants' motion to dismiss.
 
 
 2
 On appeal, Porm takes issue with only one aspect of the district court's decision: the fact that the court did not grant his request for leave to amend his complaint.[2] The district court has discretion whether to grant or deny leave to amend. Villa v. City of Chicago, 924 F.2d 629, 632 (7th Cir.1991). Failure to give any reasons for denying such a request is an abuse of that discretion. Foman v. Davis, 371 U.S. 178, 182 (1962). The defendants argue that Porm never made an actual request for leave to amend. They characterize the request in his response to the motion to dismiss as a "buried, vague, partial request for leave to amend the complaint" and hence unworthy of consideration. We note that Rule 15(a) does not state that a request for leave to amend a complaint must be made by formal motion. Indeed, courts in two other circuits have held that a plaintiff can make a valid request for leave to amend the complaint in a response to a motion to dismiss. See Elliott v. Foufas, 867 F.2d 877, 883 (5th Cir.1989); Vernell v. U.S. Postal Serv., 819 F.2d 108, 110 (5th Cir.1987); Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984); Nolen v. Fitzharris, 450 F.2d 958, 959 (9th Cir.1971) (per curiam).
 
 
 3
 The defendants also suggest that the request for leave to amend was invalid because Porm did not indicate how he would amend his complaint. Although it is true that in general the plaintiff should tender a proposed amendment along with the request for leave to amend, this is not an absolute requirement. Twohy v. First Nat'l Bank of Chicago, 758 F.2d 1185, 1197 (7th Cir.1985); see, e.g., Stewart v. RCA Corp., 790 F.2d 624, 631 (7th Cir.1986); Nolen, 450 F.2d at 959. This is especially true when, as here, the plaintiff is responding to a motion to dismiss pro se. Thus, the language in Porm's response to the defendants' motion to dismiss, see supra note 1, must be construed as a request for leave to amend. Haines v. Kerner, 404 U.S. 519, 420 (1972).
 
 
 4
 Yet there is a more basic reason why Porm should be allowed to amend his complaint: Rule 15(a) gives him the right to do so. Rule 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." As far as the record on appeal shows, the defendants' only response to Porm's complaint was their motion to dismiss, which is not a "responsive pleading" within the meaning of Rule 15(a). Thomas v. Pate, 493 F.2d 151, 162 (7th Cir.), vacated on other grounds sub nom. Cannon v. Thomas, 419 U.S. 813 (1974); Elliott, 867 F.2d at 882. Porm need not even have requested leave of the court. Under these circumstances, Porm "did not lose his right to amend the complaint by asking leave; the district court was obliged to grant this unnecessary request." Stewart, 790 F.2d at 631.
 
 
 5
 The defendants argue that a remand is unwarranted because any amendment would be futile. Villa v. City of Chicago, 924 F.2d 629, 632 (7th Cir.1991). They contend that, in light of the allegations in his original complaint, Porm lacked standing before the district court and that he otherwise failed to state a claim upon which relief can be granted. Although Porm's claims seem quite improbable to us, the allegations in his complaint do not foreclose the possibility that he may be able to allege additional facts that will cure the complaint's deficiencies. Of course, we cannot speculate on specifics. However, in general, with respect to his medical claim for example, he may be able to allege facts that show that he is in real, medically-recognized danger, see Glick v. Henderson, 855 F.2d 536, 539-40 (8th Cir.1988), of being exposed to the virus that causes AIDS. Therefore, he is entitled to an opportunity to amend his complaint. Of course, all factual allegations that Porm might make in an amended complaint must be made consistent with the requirements of Federal Rule of Civil Procedure 11.
 
 
 6
 For the foregoing reasons, the judgment of the district court is VACATED and the case REMANDED with directions that Porm be given an opportunity to amend his complaint, and for further proceedings consistent with this order.[3]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The last paragraph in Porm's conclusion states in full:
 In the event that this Court is of the opinion that plaintiff's complaint is insufficient in factual allegations to support any claim presented or contained therein, which, if properly plead [sic], would state colorable or valid claims upon which relief can be granted, plaintiff respectfully requests that this Court hold defendant's [sic] Motion to Dismiss in abeyance and, grant him leave to correct or cure those deficiencies within a reasonable and sufficient amount of time, pursuant to Rules 15(a, b & d) and 19(a) of the Federal Rules of Civil Procedure, or otherwise deny defendant's [sic] Motion to Dismiss for the reasons set forth herein, as a matter of fundamental fairness and, in the interest of justice.
 R.Doc. 38 at 12.
 
 
 [2]
 See Pl.'s Br.; Reply Br. 5. By not raising it on appeal, Porm has abandoned the issue of whether the district court erred in finding that his original complaint fails to state a claim. Thus, we do not consider that issue on appeal. See Medley v. City of Milwaukee, 969 F.2d 312, 317 (7th Cir.1992); Hossman v. Spradlin, 812 F.2d 1019, 1020 (7th Cir.1987)
 
 
 [3]
 Porm's request for appointment of counsel on remand is denied. He fails to present any argument on appeal that the district court abused its discretion in denying his repeated motions for appointment of counsel