5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marilyn O'CONNOR, Plaintiff-Appellant,
v.
Edward C. REED, Jr., Chief Judge for the United States
District Court of Nevada; Phyllis Halsey Atkins, Magistrate
for the United States District Court of Nevada; John
Mowbray, Chief Justice of the Supreme Court of the State of
Nevada; and Richard Wagner, District Judge for the Third
Judicial District Court of the State of Nevada; John
Mowbray, Chief Justice of the Supreme Court of the State of
Nevada; Richard A. Wagner, Judge of the Third Judicial
District Court of the State of Nevada, Defendants-Appellees.
 No. 93-15202.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marilyn O'Connor appeals pro se the district court's dismissal of her action against various federal and Nevada state judicial officials. The district court found that the defendants were entitled to judicial immunity. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo a dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989).
 
 II
 Analysis
 
 5
 O'Connor contends the district court erred in dismissing her action on judicial immunity grounds against the four defendants: Judge Reed, former Chief Judge for the United States District Court of Nevada; Magistrate Judge Atkins, Magistrate Judge for the United States District Court of Nevada; Justice Mowbray, Chief Justice of the Supreme Court of Nevada; and Judge Wagner, acting District Judge for the Third Judicial District Court of Nevada. This contention lacks merit.
 
 
 6
 "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986); Mireles v. Waco, 112 S.Ct. 286, 288-89 (1992). Moreover, judges are absolutely immune from section 1983 or Bivens liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quotation omitted); accord Ashelman, 793 F.2d at 1076.
 
 
 7
 Immunity does not attach, however, if a judge acts in the clear absence of all jurisdiction, or performs an act which is not judicial in nature. Ashelman, 793 F.2d at 1075. An act is judicial if it is a "function normally performed by a judge [, and the parties] dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. In addition, "[j]urisdiction is construed broadly where the issue is the immunity of a judge." Crooks v. Maynard, 913 F.2d 699, 701 (9th Cir.1990).
 
 
 8
 Here, each defendant was acting in his or her judicial capacity as to all matters alleged in O'Connor's complaint. Judge Reed's prior decision in O'Connor's federal tax action, O'Connor v. United States, 669 F.Supp. 317 (D.Nev.1987), was a judicial act within the scope of his jurisdiction and as such entitles him to judicial immunity. See Stump, 435 U.S. at 362. Likewise, Magistrate Judge Atkins was acting in her judicial capacity when she issued a seizure warrant to officials from the IRS. See 28 U.S.C. Sec. 636(a)(1); see also G.M. Leasing Corp. v. United States, 429 U.S. 338, 354 (1977) (requiring warrant for entry onto taxpayer's private property to seize assets in satisfaction of assessed tax deficiencies).
 
 
 9
 Similarly, Chief Justice Mowbray's reassignment of Judge Wagner from the Sixth to the Third Judicial District of Nevada was a judicial act pursuant to his function as the head of the state court system. See Nevada Const. art. VI Sec. 19(1)(b). Finally, Judge Warner's entry of judgment which resulted in O'Connor being evicted from her property and his failure to rule favorably on her various motions were judicial acts for which he is entitled to judicial immunity. See Stump, 435 U.S. at 356-57; Ashelman, 793 F.2d at 1075.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, O'Connor also contends that the district judge erred by failing to sua sponte recuse himself and transfer the case out of the Ninth Circuit because Judge Reed was a defendant and had sat by designation on the Ninth Circuit and was a colleague of Judge McKibben. This contention lacks merit. The standard for recusal under 28 U.S.C. Sec. 455 is "whether a reasonable person with the knowledge of all the facts would conclude that the judge's partiality might reasonably be questioned." Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984). Moreover, the alleged prejudice must come from a extrajudicial source. Id. Under these standards, O'Connor's allegation do not provide any basis for recusal
 O'Connor also contends that the action against Judge Reed and Magistrate Judge Atkins should not have been dismissed because they were not entitled to representation by the United States Justice Department. This contention also lacks merit. Under 28 U.S.C. Sec. 517, the Attorney General is given broad discretion to "attend to the interests of the United States in a suit pending in a court of the United States." Here, the action was commenced by a private citizen against two officials of the United States government for acts performed in their official capacity. Under these circumstances, representation was appropriate.