21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Crystal KINSLEY, A Minor, by Deritha KINSLEY, her Guardian
Ad Litem, Plaintiff-Appellant,
v.
BEAUMONT UNIFIED SCHOOL DISTRICT, Board of Education of the
Beaumont Unified School District, Defendants-Appellees.
 No. 92-55516.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided April 1, 1994.
 
 Before: FLETCHER and D.W. NELSON, Circuit Judges, and WILL,* District Judge.
 MEMORANDUM**
 Crystal Kinsley ("Crystal"), a minor, by Deritha Kinsley ("Kinsley"), her guardian ad litem, filed her complaint against Beaumont Unified School District ("School District"), alleging violations of Title 42 U.S.C. Sec. 1983, and Title 20 U.S.C. Secs. 1701(a)(1) and 1703. Kinsley's complaint stated that Crystal Kinsley attended Wellwood School, a public school run by Beaumont Unified School District, from 1987 until 1989. Crystal claims that during this period her teacher, Mr. Moore, showed her and some of her classmates violent and pornographic movies. Mr. Moore allegedly threatened to kill the children or burn down their houses if they told anyone about the movies. Kinsley allegedly reported Mr. Moore's conduct to the Beaumont Unified School District several times, but the School District did not act upon her complaints.
 The School District filed a motion to dismiss, or, in the alternative, for a more definite statement, and a motion to strike. Kinsley filed a written response to the School District's motions. Thereafter, the court held a hearing at which it decided the motion.
 During this proceeding, the district court focused on the fact that, in its opinion, Kinsley had not pleaded sufficient facts to show a custom or policy on the part of the School District, an essential element of a Sec. 1983 action against a municipality. Kinsley maintained that she was not required to plead facts establishing such a custom or policy, but stated that if necessary she could allege facts showing custom or policy. Excerpts of Record ("ER") at 61. The court also questioned Kinsley concerning the legal and factual bases for the equal educational opportunity claims under 20 U.S.C. Secs. 1701(a)(1) and 1703, but to no avail.
 Kinsley twice requested permission to amend the complaint during the course of the dismissal proceeding. During one of these requests, Kinsley stated that she believed that she could amend once as a matter of right. The court, however, dismissed the complaint without leave to amend. Kinsley timely appealed the district court's decision. We have jurisdiction under 28 U.S.C. Sec. 1331.
 DISCUSSION
 Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed...." Whether a party may plead as a matter of right is a question of law, and questions of law are reviewed de novo. Toussaint v. McCarthy, 801 F.2d 1080, 1087 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). "A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule." Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984) (quoting Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir.1963)).
 Because Kinsley requested leave to amend before a responsive pleading was filed, the district court erred in refusing to allow her leave to amend. We considered a similar factual situation in Nolen v. Fitzharris, 450 F.2d 958 (9th Cir.1971). In Nolen, defendants moved to dismiss the complaint for failure to state a claim, and the district court dismissed the complaint without leave to amend. The defendants had not filed a responsive pleading, and the plaintiffs indicated in their brief that they wished to file an amended complaint. We held that dismissal of the complaint without leave to amend denied the plaintiffs the right to amend as a matter of course.
 In the present case, Kinsley's complaint was dismissed before responsive pleadings were filed. Kinsley did not request leave to amend in her memorandum in opposition to the motion to dismiss. However, once it became clear that the district court was going to dismiss the complaint, Kinsley twice requested permission to amend her complaint. Because Kinsley requested leave to amend before responsive pleadings were filed and before the motion to dismiss was granted, she was entitled to amend her complaint as a matter of right.
 Accordingly, we vacate the district court's order and remand for proceedings consistent with our decision. We further note that the district court erred by applying an unnecessarily strict standard in evaluating Kinsley's Sec. 1983 claim. The Supreme Court recently held that in Sec. 1983 suits brought against municipalities, a plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, --- U.S. ----, 113 S.Ct. 1160, 1163 (1993). In Leatherman, the Court explicitly refused to apply a heightened pleading standard in Sec. 1983 cases brought against municipalities, stating that a standard more stringent than the usual "notice pleading" requirement of Federal Rule of Civil Procedure 8(a) was not contemplated in the rules. On remand, the district court should apply the Leatherman standard in evaluating Kinsley's amended complaint.
 Additionally, although Kinsley may amend her complaint once as a matter of right, we believe that it will be difficult for her to establish liability under Secs. 1701(a)(1) and 1703. Under Sec. 1701, all children in public schools must receive an equal education without regard to race, color, sex, or national origin. Section 1703 prohibits specific deprivations of equal education opportunities. In her original complaint and at the dismissal hearing, Kinsley failed to present facts establishing sex discrimination by the School District, and instead focused on the sexual nature of the movies, arguing that it made no difference whether the children were all of the same sex. Unfortunately for Kinsley, however, under these statutes it makes a tremendous difference. Kinsley seems to claim that the children were segregated for sexual purposes, not that they were segregated on the basis of their sex. Although the teacher's alleged conduct is disturbing and reprehensible, it does not encompass the type of segregation that Secs. 1701 and 1703 seek to prevent.
 Finally, although both parties have requested attorney's fees pursuant to 42 U.S.C. Sec. 1988, we may grant attorney's fees only if a party has prevailed on the merits of some of the claims. Hanrahan v. Hampton, 446 U.S. 754, 758 (1980). Therefore, if and when either party prevails on the merits, the court may award attorney's fees in its discretion keeping in mind the different standards applicable to plaintiffs and defendants in civil rights cases.
 VACATED and REMANDED.
 
 
 
 *
 Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3