79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David D. GILLESPIE, et al., Plaintiffs,
v.
Yehochai SCHNEIDER, Defendant-Counter-Claimant-Appellant,
v.
ARTHUR ANDERSEN & CO., Counter-Defendant-Appellee.
 No. 94-55995.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1996.
Decided March 13, 1996.
 
 Before: POOLE, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. OVERVIEW
 
 2
 Yehochai Schneider appeals the district court's grant of summary judgment in favor of Arthur Andersen & Co. ("AA & Co.") on his counterclaim alleging AA & Co.'s professional negligence and negligent misrepresentation. Schneider also argues that the district court abused its discretion by refusing to grant his request for a continuance in order to conduct discovery prior to entry of summary judgment against him.
 
 
 3
 Schneider purchased all the common stock of Merit Abrasives, Inc. from David Gillespie and Sylvia Terry. Merit had employed AA & Co. to conduct its annual year end audits as required by the loan agreement between the company and its principal lender. Gillespie and Terry sued Schneider after he refused to pay the full purchase price of the stock based on his claim that, in its 1991 year end report, AA & Co. had negligently valued Merit's inventory and failed to point out the inadequacy of the reserves allocated to cover any slow-moving inventory items. As such, Schneider asserts, the company had to take a write-off on its asset value of approximately $1 million.
 
 
 4
 We affirm the district court's grant of summary judgment in favor of AA & Co., and find no abuse of discretion in its refusal to grant Schneider's request for a continuance.
 
 II. DISCUSSION
 
 5
 A. Adjudication of Schneider's Amended Counterclaim.
 
 
 6
 As a threshold issue, Schneider argues that the district court erred by granting AA & Co. summary judgment on his claim of negligent misrepresentation because AA & Co.'s original motion, filed in lieu of an answer, preceded his amended counterclaim.
 
 
 7
 While Schneider correctly states that he was entitled to amend his pleading as a matter of right under Fed.R.Civ.Proc. 15(a) because AA & Co.'s summary judgment motion was not a responsive pleading, see, e.g., Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984); Kirk v. United States, 232 F.2d 763, 770 (9th Cir.1956), his right to file an amended pleading is not relevant because it was never denied. Moreover, Schneider cites no authority--nor are we aware of any--to support his proposition that the mere filing of his amended counterclaim made it improper for the district court to hear AA & Co.'s pending motion for summary judgment. After Schneider amended his counterclaim with his additional claim for negligent misrepresentation, AA & Co. filed a surreply that expressly addressed his additional cause of action. Thus, we conclude that the district court properly reached the merits of both claims.
 
 
 8
 B. Summary Judgment on Schneider's General Negligence Claim.
 
 
 9
 A grant of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. at 441.
 
 
 10
 Schneider's general negligence claim against AA & Co. is governed by the California Supreme Court's decision in Bily v. Arthur Young & Co., 3 Cal.4th 370 (1992). Under Bily, "an auditor's liability for general negligence in the conduct of an audit of its client's financial statements is confined to the client, i.e., the person who contracts for or engages the audit services. Other persons may not recover on a pure negligence theory." Id. at 406.
 
 
 11
 It is undisputed that Schneider was never a client of AA & Co.'s. Schneider was not mentioned in the audit contract between Merit and AA & Co., nor was he an intended recipient of the audit report, which was addressed exclusively to Merit's Board.
 
 
 12
 Schneider correctly argues that the Bily court acknowledges an "additional class of persons who may be the practical and legal equivalent of 'clients' " for purposes of a general negligence claim against an auditor. 3 Cal.4th at 406 n. 16. However, by its own terms, the Bily decision restricts this class of potential plaintiffs to third parties who are expressly identified in the audit engagement contract. Id. ("It is possible the audit engagement contract might expressly identify a particular third party or parties so as to make them express third party beneficiaries of the contract. Third party beneficiaries may under appropriate circumstances possess the rights of parties to the contract.").
 
 
 13
 Because Schneider was neither a client, nor an expressly identified third-party beneficiary of the audit contract between AA & Co. and Merit, we conclude that AA & Co. owed no duty to him. Thus, the district court's grant of summary judgment in favor of AA & Co. on Schneider's general negligence claim was proper under Bily.
 
 
 14
 C. Summary Judgment on Schneider's Negligent Misrepresentation Claim.
 
 
 15
 Despite its holding restricting an auditor's liability for general negligence to its clients, the Bily court identified "a further narrow class of persons who, although not clients, may reasonably come to receive and rely on an audit report....". Id. at 406-7. Such "specifically intended beneficiaries" of audit reports, the court held, may recover on a theory of negligent misrepresentation. Id.
 
 
 16
 However, under Bily, in order for a third-party to recover on a negligent misrepresentation theory, he must establish that the defendant: 1) made a representation; 2) with the intent to induce the plaintiff to act in reliance upon it; 3) in a specific transaction that the defendant intended to influence. Id. at 408-10. The Bily court explained further that "[i]ntent to influence is a threshold issue. In its absence there is no liability even though a plaintiff has relied on the misrepresentation to his or her detriment, and even if such reliance were reasonably foreseeable." Id. at 412 (emphasis and internal citations omitted).
 
 
 17
 Schneider argues that the issue of a party's intent is necessarily a factual inquiry, making summary judgment inappropriate. Schneider relies on this court's decision in Calnetics v. Volkswagen of America, 532 F.2d 674 (9th Cir.1976), to support this proposition. However, the Bily decision instructs that "if competent evidence does not permit a reasonable inference that the auditor supplied its report with knowledge of the existence of a specific transaction or a well-defined type of transaction which the report was intended to influence, the auditor is not placed on notice of the risks of the audit engagement. In such cases, summary adjudication will be appropriate because plaintiff will not as a matter of law fall within the class of intended beneficiaries." Bily, 3 Cal.4th at 414-15 (emphasis added).
 
 
 18
 It is undisputed that AA & Co. had knowledge of the contemplated stock sale. It is also uncontroverted, however, that AA & Co.'s audit was intended to satisfy Merit's obligations to its lender, and that AA & Co.'s primary purpose for referencing the transaction in the audit report was to alert the lender to the possible violation of a term of the loan agreement. Thus, we hold that the district court's grant of summary judgment in favor of AA & Co. on Schneider's claim for negligent misrepresentation was correct under Bily because the uncontroverted evidence suggests that AA & Co. did not intend to influence the stock sale with its audit report.
 
 
 19
 D. Denial of Schneider's Oral Request for a Continuance Made At the Hearing on AA & Co.'s Motion.
 
 
 20
 A district court's decision not to permit additional discovery pursuant to Federal Rule of Civil Procedure 56(f) is reviewed for an abuse of discretion. Int'l Alliance of Theatrical and Stage Employees and Moving Picture Machine Operators v. Compact Video Svcs., Inc., 50 F.3d 1464, 1466 (9th Cir.1995). We "will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir.1994) (emphasis in original).
 
 
 21
 Schneider argues that he made an earlier written request for a continuance in his response to Gillespie's and Terry's separate motions for summary judgment in which he alluded to his need for discovery to uncover the extent of AA & Co.'s knowledge and intent. However, "references in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 
 22
 We noted in Brae that "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." See 790 F.2d at 1443.
 
 
 23
 Consistent with our conclusion in Brae, Schneider never moved for discovery in the manner required by Rule 56(f). See id. ("Having taken no discovery, Brae can hardly argue at this late date that the district court abused its discretion in ruling on the summary judgment in light of the fact that Brae itself failed to pursue the procedural remedy which the Federal Rules so clearly provided.") (internal quotations and citations omitted).
 
 
 24
 Therefore, the district court did not abuse its discretion by refusing Schneider's last-minute, oral request for discovery in light of his noncompliance with Rule 56(f), and his failure to pursue discovery diligently over the course of the five weeks between the filing of AA & Co.'s motion and the hearing date.
 
 III. CONCLUSIONS
 
 25
 Summary adjudication in favor of AA & Co. on both Schneider's claims for general negligence and negligent misrepresentation was proper. AA & Co. owed no duty to Schneider, nor did it intend to influence Schneider's purchase of Merit's stock. Thus, the district court's grant of summary judgment on both claims is
 
 
 26
 AFFIRMED.
 
 
 27
 The district court did not abuse its discretion in denying Schneider's oral request for a continuance made at the hearing on AA & Co.'s motion because Schneider failed both to comply with the requirements of Fed.R.Civ.Proc. 56(f), and to pursue diligently his previous discovery opportunities.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3