**David M. FINK, Plaintiff—Appellant,**

v.

**Diana Carloni NOURSE; James Gomez, Director CDC, Defendants—Appellees.**

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

2. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

David M. Fink, Petitioner—Appellant,

v.

James Jim Gomez, et al., Respondent—
Appellee.

No. 01–56572, 02–55051.

D.C. No. CV–96–02652–JSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2002 *.

Decided Aug. 23, 2002.

Before CANBY, McKEOWN, and
PAEZ, Circuit Judges.

MEMORANDUM **

David M. Fink ("Fink") has filed two separate appeals in connection with the district court's March 9, 2001 sanctions order and the denial of his recusal motion.

Appeal No. 01–56572

Judge Real did not abuse his discretion in denying Fink's motion to recuse Judge Letts under 28 U.S.C. §§ 144 and 455. Under both recusal statutes, the standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). Fink's motion was neither timely, as it was made nearly three years after the events that Fink claims most

vividly illustrate the judge's bias and prejudice, nor was it legally sufficient. The district court did not apply the wrong standard in reviewing the motion for recusal. On the basis of Fink's affidavit, the district court reasonably concluded that Fink's complaint stemmed not from the judge's bias or prejudice, but from Fink's dissatisfaction with some of Judge Letts' ruling, in particular the decisions on sanctions.

The district court did not err in issuing its July 13, 2001 order denying Fink's motion for reconsideration and motion for sanctions while Fink's recusal motion was pending. Both § 144 and the local rule provide that timeliness and legal sufficiency are prerequisites to consideration of the merits of a recusal motion. Therefore, the petitioner's affidavit must "appear sufficient on its face before a judge is required to proceed no further." *Mayes v. Leipziger*, 729 F.2d 605, 607 n. 1 (9th Cir.1984). Fink's motion and affidavit failed to meet this threshold test.

With respect to the denial of Fink's motion for sanctions under 28 U.S.C. § 1927, the district court did not abuse its discretion in holding that its formal reprimand of the attorney would serve as an effective sanction against similar behavior in the future. The court had authority to issue this reprimand under its inherent authority, in accord with *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir.2001). As for the motion for reconsideration, Fink failed to meet any of the prongs under Fed.R.Civ.P. 60(b) that would justify relief from the March 9 sanctions order.

To the extent that the district court erred in denying Fink's motion for Rule 11 sanctions under the wrong case number caption, any such error was merely clerical

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

and it is clear that the Rule 11 order related to this case. The district court's April 18, 2001 order denying Rule 11 sanctions is affirmed.

Appeal No. 02–55051

Fink's appeal of the district court's October 31, 2001 order is moot as a result of the disposition in appeal no. 01–56572.

AFFIRMED as to appeal no. 01–56572.

DISMISSED as moot as to appeal no. 02–55051.