**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JUL 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50001 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00508-DSF-1 |
| v. | |
| CHARLES EDWARD DOYLE, AKA Chuck, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50002 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00507-DSF-1 |
| v. | |
| CHARLES EDWARD DOYLE, AKA Chuck, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted July 9, 2018
Pasadena, California

Before:  PAEZ, FISHER,[**] and CHRISTEN, Circuit Judges.

Charles Doyle contends that the district court was required to recuse itself from his cases and to grant his motion to preclude further prosecution.  As the parties are familiar with the facts, we do not recount them here.  We affirm.

**1.**  Involvement by judges in the funding and oversight of defense counsel appointed under the Criminal Justice Act (CJA) does not create a personal bias or conflict of interest, nor the appearance of bias or conflict.  Grounds for recusal generally must be extrajudicial.  *See United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  CJA administration—like other administrative duties of judges—is a judicial matter that does not create a basis for recusal.  *Cf. Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 1000 (9th Cir. 2003); *Duckworth v. Dep't of Navy*, 974 F.2d 1140, 1143 (9th Cir. 1992) (Wallace, C.J.).  The district court's statements and actions here were judicial or administrative.  Nor has Doyle shown that the court had a personal interest—financial or otherwise—in these cases.  *Cf. Tumey v. Ohio*, 273 U.S. 510,

---

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

2

522–23 (1927). The district court therefore did not abuse its discretion in concluding that it lacked a bias or conflict requiring recusal.

**2.** Doyle offers several potential grounds for his motion to preclude further prosecution; none are persuasive.

To the extent Doyle contends that CJA administration in the Central District violates due process, we review de novo, *see United States v. Ridgway*, 300 F.3d 1153, 1155 (9th Cir. 2002), and reject this claim. A court may not, consistent with due process, decide a case in which it has a "direct, personal, substantial pecuniary interest" or in which its institutional responsibilities would strongly motivate it to rule in a way that would aid the institution. *Alpha Epsilon Phi Tau Chapter Hous. Ass'n v. City of Berkeley*, 114 F.3d 840, 844 (9th Cir. 1997) (quoting *Tumey*, 273 U.S. at 523). As explained above, Doyle has not shown that the district court had a personal financial interest in these cases. Nor has Doyle shown that CJA administration gave the district court a strong institutional interest in ruling a particular way in his cases.

To the extent Doyle asserts that CJA administration itself constitutes structural error, and thereby requires reversal regardless of whether it affected his case, he is likewise incorrect. Defendants with appointed counsel are entitled to the effective assistance of that counsel, not to counsel of their choice or counsel

funded via a mechanism of their choosing.  *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989).

Counsel for Doyle disclaimed any argument based on ineffective assistance of counsel.  In any event, Doyle has not identified limitations on the representation he received or pointed to any particular harm he suffered as a result of the Central District's CJA program.  Therefore, regardless of the precise contours of Doyle's claims or of the relief that he seeks, the district court did not abuse its discretion in denying Doyle's motion to preclude further prosecution.

**AFFIRMED.**