**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID SMITH-GARCIA, AKA David
Garland Atwood II,

          Plaintiff-Appellant,

  v.

PAULA BURKE, U.S. Probation Officer,

          Defendant-Appellee,

 and

UNITED STATES OF AMERICA; U.S.
PROBATION,

          Defendants.

No.    19-55449

D.C. No.
3:17-cv-01315-MMA-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted August 4, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

David Smith-Garcia, AKA David Garland Atwood II, challenges the district court's dismissal of his claims alleging an Eighth Amendment violation by U.S. Probation Officer Paula Burke related to Smith-Garcia's supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1115 (9th Cir. 2013). A complaint does not require "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citations omitted).

We decline to extend a *Bivens* remedy to Smith-Garcia's claim. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Ziglar v. Abbasi*, the Court cautioned lower courts not to expand *Bivens* remedies outside the three previously recognized *Bivens* claims. 137 S. Ct. 1843, 1854-57 (2017) (citing *Bivens*, 403 U.S. at 396 (unreasonable search and seizure under the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (gender discrimination under the Fifth Amendment Due Process Clause); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (Eighth Amendment violation for failure to provide adequate medical treatment)). Smith-Garcia's claim—that a U.S. Probation Officer was deliberately indifferent to his medical care when the officer prevented

2

him from moving to San Diego to seek free medical care while under supervised release—arises in a new *Bivens* context. *See Abbasi*, 137 S.Ct. at 1864.

If a proposed claim arises in a new context, courts must conduct a two-step analysis to determine whether to extend a *Bivens* remedy. *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018). At step one, the court asks "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id*. Because Smith-Garcia has an alternative process by which to pursue his claim—filing a motion to transfer his supervised release—we need not reach step two.

Finally, the district court did not abuse its discretion in dismissing Smith-Garcia's motion to recuse. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). "[A] reasonable person with knowledge of all the facts" would not conclude that the district court judge's "impartiality might reasonably be questioned." *Mayes v. Leipziger*,729 F.2d 605, 607 (9th Cir. 1984) (internal quotation marks and citations omitted); *see Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (plaintiff's assertions "are nothing more than speculation.").
**AFFIRMED**.