**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY RUBEN ALDO BARBIERI, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TIMESHARE LIQUIDATORS LLC; STAN MULLIS, <br><br> Defendants-Appellees. | No. 21-15644 <br><br> D.C. No. 2:18-cv-00355-JAD-EJY <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 14, 2021[**]

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Anthony Ruben Aldo Barbieri appeals pro se from the district court's

judgment dismissing his Title VII employment discrimination action. We have

jurisdiction under 28 U.S.C. § 1291. We review for plain error the district judge's

decision not to recuse. *United States v. Spangle*, 626 F.3d 488, 495 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2010).  We affirm.

In his opening brief, Barbieri fails to raise, and has therefore waived, any challenge to the district court's judgment dismissing his action.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district judge did not plainly err in choosing not to recuse herself because no reasonable person would conclude that the judge's impartiality might reasonably be questioned.  *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (standard for recusal); *see also* 28 U.S.C. § 455.  We reject as meritless Barbieri's contentions that the district judge was required to recuse because she briefly presided over a case in which Timeshare Liquidators, LLC was a defendant and made rulings against Barbieri in the present case.

**AFFIRMED.**

21-15644