**Warren L. SMITH, Appellant,**

**v.**

**The STATE OF CALIFORNIA, Edmund G. Brown, Governor, et al., Appellees.**

**No. 18944.**

United States Court of Appeals Ninth Circuit.

Sept. 9, 1964.

---

Warren L. Smith, Walnut Creek, Cal., in pro. per.

Stanley Mosk, Atty. Gen. for California, L. Stephen Porter, Deputy Atty. Gen. for California, San Francisco, Cal., for appellees.

Before JERTBERG and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

DUNIWAY, Circuit Judge.

Smith, acting in pro. per., appeals from an order dismissing his action. We affirm. The complaint names as defendants the State of California and its governor. It is labelled "Complaint to annul certain portions of the Business and Professions Code, Chapter 7, Division 3, Sections #6700 to #6799, inclusive, of the State of California." Jurisdiction is alleged to be based upon 28 U.S.C. §§ 2281, 2282, 2283, and 2284.

None of these sections confers jurisdiction on a federal court. They are limitations on jurisdiction. Thus, section 2281 requires a three-judge court in an action in which an injunction is sought to restrain the enforcement, operation, or execution of any state statute. Jurisdiction, if it exists at all, must rest upon

some other statutes. A possible statute is 28 U.S.C. § 1331(a) which confers original jurisdiction on the district court in civil actions wherein the matter in controversy exceeds the sum or value of $10,000, and arises under the Constitution of the United States. Another is section 1343(3) or (4). The complaint does not allege the jurisdictional amount, (§ 1331(a)) or other jurisdictional facts (§ 1343(3) or (4)), but it does attempt to allege a claim for relief under the Constitution of the United States. The district court dismissed the action on the ground that the complaint did not present a substantial federal question. It did not enter an order dismissing the complaint, as distinguished from the action. Had it done so, Smith would have had a right, under rule 15(a) F.R.Civ.P. to amend because a motion to dismiss for failure to state a claim is not a "responsive pleading" within the meaning of that rule. (Compare Breier v. Northern California Bowling Proprietors' Association, 9 Cir., 1963, 316 F.2d 787) We assume that Smith could have alleged the jurisdictional amount or other necessary jurisdictional facts. We nevertheless affirm, because we are of the opinion that the district court was correct in holding that no substantial federal question is presented. As we noted in Breier, supra, affirmance is proper where amendment would be futile, because the complaint cannot under any conceivable state of facts be amended to state a claim.

Smith's complaint alleges that he has heretofore been and now is lawfully engaged in the practice of professional engineering, in the electrical and mechanical engineering branches, conducting business under the style "Electrical Designers—Consulting Engineers" within the State of California. It states that the statute does not in any manner prevent him from practicing professional engineering in the electrical and mechanical engineering branches, nor prohibit him from using the title "Consulting Engineer." It further alleges, however, that the Act does prohibit him from identifying himself as an electrical engineer, thereby infringing upon rights guaranteed to him by the fourteenth amendment to the Constitution of the United States. It also says that the Act does not benefit or protect the public because it only regulates the usage of titles and makes the unregistered usage of the titles "Electrical Engineer" and "Mechanical Engineer" unlawful. It also says that the Act, in ways not specified, deprives him of rights guaranteed in Article I of the Constitution of the United States.

The statute in question, which is known as the Civil and Professional Engineers Act, deals with professional engineers in various branches, including electrical and mechanical. (Section 6700. All references are to the California Business and Professions Code) It defines professional engineer as a person engaged in professional practice of rendering service or creative work requiring education, training and experience in engineering sciences, and the application of special knowledge of the mathematical, physical and engineering sciences in such professional and creative work as consultation, investigation, evaluation, planning or design of public or private utilities, structures, machines, processes, circuits, buildings, equipment, or projects and supervision of construction for the purpose of securing compliance with specifications and design for any such work. (Section 6701)

Section 6704 provides that only persons registered under the provisions of the Act shall be entitled to take and use the title "professional engineer" and, according to their registration with the Board, the titles, among others, of "electrical engineer," or "mechanical engineer." The Act sets up a board to administer the Act, defines the tenure and qualifications of its members, and the manner in which they shall conduct their business. (Sections 6710 to 6722)

Article 3, sections 6730 to 6746, deals with civil engineers, and most of its provisions are not here pertinent. However, it contains certain sections that are. Section 6732 makes it unlawful for anyone other than a professional engineer,

registered under the chapter, "to stamp or seal any plans, specifications, plats, reports or other documents with the seal or stamp of a professional engineer, or in any manner to use the title 'professional engineer,' * * * 'electrical engineer,' 'mechanical engineer,' * * * or 'consulting engineer,' or any combination of such words and phrases, unless registered * * *."

The prohibition of the use of the term "consulting engineer" was added in 1963, after this action was filed. The amendment had been adopted, but was not yet effective, when the motion to dismiss was heard in the trial court. We consider it, because it is conceivable that Smith would be entitled, by an amended or supplemental complaint (rule 15(d), F.R.Civ. P.) to allege that the Act also prohibits his use of that title.

Section 6732.1 contains a "grandfather clause," but requires that persons previously engaged in practice, while exempt from the restriction on the use of these titles, must file with the board an application showing under oath his use of the title for five years, in conformity with the section, and pay a fee of $10. Such a person may not use the title unless he has obtained a certificate from the board under this section. (Section 6733) We cannot tell whether these sections, adopted in 1963, would exempt Smith. We assume that they would not.

Section 6737.1 excepts from the requirements of the Act work upon single or multiple dwellings not more than 2 stories and basement in height, garages or other structures appurtenant to such buildings, farm or ranch buildings, and certain small one-story buildings, not made of steel frame or of concrete. There is a further exemption in section 6745 relating to store fronts, interior alterations or additions, fixtures, cabinet work, furniture or other appliances or equipment. Section 6746 exempts work of employees of certain public utilities that are under the supervision of the State Public Utilities Commission.

Article 4, sections 6750 to 6766, sets up certain qualifications, including good moral character, passing an examination, and experience in the field. Article 5, sections 6775 to 6780 provides for disciplinary proceedings.

Section 6787, so far as pertinent here, makes the use of the titles "professional engineer," "electrical engineer," or "mechanical engineer," by one who is not registered, a misdemeanor.

As long ago as 1889 the Supreme Court of the United States, speaking through Mr. Justice Field in the case of Dent v. West Virginia, 129 U.S. 114, 122, 9 S.Ct. 231, 233, 32 L.Ed. 623, laid down the following proposition:

"* * * [I]t has been the practice of different States, from time immemorial, to exact in many pursuits a certain degree of skill and learning upon which the community may confidently rely, their possession being generally ascertained upon an examination of parties by competent persons, or inferred from a certificate to them in the form of a diploma or license from an institution established for instruction on the subjects, scientific and otherwise, with which such pursuits have to deal. The nature and extent of the qualifications required must depend primarily upon the judgment of the State as to their necessity. If they are appropriate to the calling or profession, and attainable by reasonable study or application, no objection to their validity can be raised because of their stringency or difficulty. It is only when they have no relation to such calling or profession, or are unattainable by such reasonable study and application, that they can operate to deprive one of his right to pursue a lawful vocation."

The Dent case dealt with the practice of medicine, but as the opinion indicates, the principle that it applied is equally applicable to any other businesses or professions in which the legislature may legitimately decide that "a certain degree of skill and learning upon which the community may confidently rely," should be required. (Graves v. Minnesota, 1926,

272 U.S. 425, 47 S.Ct. 122, 71 L.Ed. 331—dentistry; Martin v. Walton, 1961, 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5—law; see the same case below; sub nom. Martin v. Davis, 1960, 187 Kan. 473, 357 P.2d 782; Ferguson v. Skrupa, 1963, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93—debt adjuster; Williamson v. Lee Optical Co., 1955, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563—optometry and ophthalmology).

■ The principles stated in the Dent case have been widely applied by all the states in a great variety of professions and businesses, including engineering. (E. g., State Board of Examiners v. Standard Engineering Co., 1928, 157 Tenn. 157, 7 S.W.2d 47). We think that there can be no question of the power of the State of California to regulate the business of engineering, both mechanical and electrical, for the protection of the public, and that the means that the state has used do not on their face violate any provision of the federal constitution. In this regard the complaint does not present a substantial federal question.

■ This is particularly so where, as here, as Smith alleges, and as the Act confirms, the Act does not prevent him from conducting the business in which he says that he is engaged, but only prevents him from using certain titles. Under the Act, the use of these titles is limited to those who have demonstrated to an appropriate state authority their qualifications to practice the branch of engineering to which the titles refer. This is a means whereby the public can be assured that those with whom they deal have met the state's qualifications. If this be a limitation of free speech, as Smith asserts, it is not a type of limitation prohibited by the federal constitution. See the language of Mr. Justice Holmes in Noble State Bank v. Haskell, 1911, 219 U.S. 104, 110, 31 S.Ct. 186, 55 L.Ed. 112, and of Mr. Justice Douglas in Williamson v. Lee Optical Co., supra, 348 U.S. at pp. 488–489, 75 S.Ct. at pp. 464–465.

The legislature of California could require all electrical, mechanical or consulting engineers to be examined and qualified, and prohibit the practice of those professions by one, such as Smith, who does not choose to meet the law's requirements. But Smith seems to think that it cannot go part way, as it has, and give the exclusive right to use those titles to persons found qualified by the state authorities. This contention, too, does not present a substantial federal question.

Nor is there any substantial federal question raised by the fact that Smith, because not registered, cannot prepare plans, specifications, or estimates for public school buildings. (Cal.Ed.Code § 15459) We can think of no field of engineering in which the state has a more direct or vital interest in assuring the competency of persons doing work for it.

■ The only remotely pertinent provision of Article I of the Constitution is that portion of section 10 prohibiting a bill of attainder or ex post facto law or law impairing the obligation of contracts. We perceive nothing of this kind in the Act.

■■ Although Smith asserts that he should have been permitted to amend his complaint, he does not suggest to us any respect in which the complaint could be amended to state a substantial federal question, and we have been unable to imagine any. Under these circumstances, the court properly dismissed the action. This is so, even though Smith purports to rest jurisdiction on the statute, 28 U.S.C. § 2281, providing for a three-judge district court. The single judge with whom the complaint is filed should not convene a three-judge court where it is plain that no substantial federal question is presented. In such a case he has power, and it is his duty, to dismiss. See Ex Parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; California Water Service v. City of Redding, 1938, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323; Carrigan v. Sunland-Tujunga Telephone Co., 9 Cir., 1959, 263 F.2d 568; Wicks v. Southern Pacific Co., 9 Cir., 1956, 231 F.2d 130.

Affirmed.