Michael **PUGLIA**, a/k/a Mickey Poole

v.

The Honorable John P. **COTTER**, Chief Court Administrator, et al.

Civ. No. B–278.

United States District Court, D. Connecticut.

May 14, 1971.

Joseph P. Trotta, New Haven, Conn., for plaintiff.

Robert K. Killian, Atty. Gen., Raymond J. Cannon, Robert L. Hirtle, Jr., Asst. Attys. Gen., for defendants Cotter and Johnson.

John F. Mulcahy, Jr., Deputy Chief Prosecutor, New Haven, Conn., for defendant Evans.

## RULING ON DEFENDANTS' MOTION TO DISMISS

ZAMPANO, District Judge.

In this action the plaintiff seeks declaratory and injunctive relief with respect to certain proceedings presently pending before a one-man grand jury of the State of Connecticut, Conn.Gen. Stat. §§ 54–47 and 54–47a, and moves for the convocation of a three-judge district court under 28 U.S.C. § 2281. It is alleged that the action is authorized by the Civil Rights Act, 42 U.S.C. § 1983, and that jurisdiction is present under 28 U.S.C. § 1343.

The complaint states in pertinent part that the plaintiff has been subpoenaed to testify before the grand jury as to his "knowledge, involvement or interest * * * directly or indirectly relating to felonious crimes of violence, and gambling;" that he intends to exercise his Fifth Amendment privilege against self-incrimination, that he anticipates that he thereupon will be granted immunity under the immunity laws of the State; and that he therefore will be required to testify or be punished for contempt. The plaintiff contends that these state proceedings will violate his rights under the First, Fourth and Fifth Amendments and subject him to involuntary servitude. The defendants move, pursuant to Rule 12(b), Fed.R.Civ.P., to dismiss the complaint for failure to state a cause of action and for lack of jurisdiction.

It is settled law that when an application for a three-judge district court is submitted under 28 U.S.C. § 2281, the single judge shall examine the jurisdictional grounds relied on and determine whether the plaintiff's claim of unconstitutionality is substantial. California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Utica Mutual Ins. Co. v. Vincent, 375 F.2d 129, 130–31 (2 Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967); Smith v. State of California, 336 F.2d 530, 534 (9 Cir. 1964); Green v. Board of Elections of City of New York, 259 F.Supp. 270 (S.D.N.Y.1966), aff'd, 380 F.2d 445, 448 (2 Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968).

It seems clear to the Court that the main issues presented in this action were raised and rejected in a strikingly similar case in this District, Salvaggio v. Cotter, 324 F.Supp. 681 (1971). In that matter Judge T. Emmet Clarie in a comprehensive opinion upheld the constitutionality of the State's one-man grand jury system and immunity statutes, declined to grant declaratory and injunctive relief, and dismissed the action. Judge Clarie's reasoning in Salvaggio controls the disposition of the instant case. See also Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Younger v. Harris, 401 U.S. 58, 91 S.Ct. 760, 27 L.Ed.2d 683 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971).

Accordingly, the defendants' motion to dismiss is granted.