Jane DOE, etc., Plaintiffs,

v.

T. Edward TEMPLE, etc., Defendants.

Civ. A. No. 76–0006–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 17, 1976.

James R. Jackson, Jr., John M. Levy, Neighborhood Legal Aid Society, Richmond, Va., Richard Edelin Crouch, American Civil Liberties Union, Arlington, Va., for plaintiffs.

Wilbur H. Ryland, Asst. Atty. Gen. of Va., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Jane Doe, brings this action on behalf of herself and all others similarly situated against T. Edward Temple, individually and as the President of Virginia Commonwealth University-Medical College of Virginia, and Dr. Hans Bartold Krebs, individually, for declaratory and injunctive relief against the further enforcement of spousal consent provisions for sterilization in § 32–423 of the Code of Virginia. Plaintiff contends that the provision contained therein prohibiting sterilization of married persons without spousal consent violates her and all others similarly situated, right to privacy and reproductive freedom. It is alleged that the plaintiffs' rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States have been violated, and that, accordingly, the cause of action arises under 42 U.S.C. § 1983. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331[1] and § 1334(3) and (4). Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, and injunctive relief is sought pursuant to order by a three-judge court under 28 U.S.C. §§ 2281 and 2284.

The defendants, represented by the Attorney General of Virginia, moved to dismiss the complaint on the grounds that § 32–423 of the Code of Virginia, contra to the allegations of the complaint, does not require the spouse's consent as a prerequisite to voluntary sterilization, and thus the section does not deny the plaintiffs any rights secured by the United States Constitution. Since

---

1. It is alleged that the amount in controversy exceeds $10,000.

this Court, prior to seeking the designation of a three-judge court panel, has the responsibility of determining whether the complaint is properly cognizable in the federal court, and whether same states a substantial federal claim, the pending motion is ripe for determination. *Swift & Company, Inc. v. Wickham,* 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965); *Ex parte Poresky,* 290 U.S. 30 (1933); *Smith v. Follette,* 445 F.2d 955 (2d Cir. 1971); *Maryland Citizens for a Representative General Assembly v. Governor of Maryland,* 429 F.2d 606 (4th Cir. 1970); *Jacobs v. Tawes,* 250 F.2d 611 (4th Cir. 1957); *Horn v. O'Cheskey,* 378 F.Supp. 1280 (D.N.M.1974); *Puglia v. Cotter,* 333 F.Supp. 940 (D.Conn.1971); *Cherry v. Postmaster General,* 272 F.Supp. 982 (D.P.R.1967).

Section 32–423 of the Code of Virginia reads as follows:

*It shall be lawful for any physician or surgeon* licensed by this State, when so requested by any person who has attained the age of twenty-one years, to perform, upon such person a vasectomy, or salpingectomy, or other surgical sexual sterilization procedure, as the case may be, *provided a request in writing is made by such person and by his or her spouse, if there be one, prior to the performance of such surgical operation* and provided further, that prior to or at the time of such request a full and reasonable medical explanation is given by such physician or surgeon to such person as to the meaning and consequences of such operations. *No such request shall be necessary for the spouse of the person requesting such surgical operation if the person requesting such operation shall state in writing under oath that his spouse has disappeared or that they have been separated continually for a period of more than one year prior thereto.* Provided, however, that no such surgical operation shall be performed pursuant to the provisions of this section prior to thirty days from the date of consent or request therefor on any person who has not theretofore

become the parent of a child. (Emphasis added).

The defendants argue that § 32–423 when read in conjunction with § 32–426 of the Virginia Code only was intended to provide "an immunity against any cause of action a consenting spouse may assert against the physician who performed such [a sterilization] operation." It does not prohibit sterilization operations without spousal consent. Section 32–426 of the Code of Virginia states as follows:

"Subject to the rules of law applicable generally to negligence, no physician or surgeon licensed by this State shall be liable either civilly or criminally by reason of having performed a vasectomy, salpingectomy, or other surgical sexual sterilization procedure *authorized by the provisions of this chapter* upon any person in this State." (Emphasis added).

It is asserted that the provision of an immunity from all civil and criminal liability to operating physicians was the exclusive purpose of the chapter of the Virginia Code containing the contested statute, and, therefore, the statute does not in fact declare it unlawful for a physician to perform a sterilization operation without the consent of the spouse.

■ Support for the defendants' interpretation of the statute is found in an opinion of the Virginia Attorney General. (1972–73) *Report of the Attorney General of Virginia* at 340 (Letter of December 28, 1973). The Attorney General was replying to an inquiry on whether it would be legal for a physician to perform a salpingectomy on a twenty year old married woman with the consent of her husband for birth control purposes only. The contested statute, § 32–423, expresses the policy that it shall be "lawful" to perform requested sterilization operations on "any such person who has attained the age of twenty-one years", and the inquiry asked if this meant it was unlawful for sterilization operations to be performed on persons less than twenty-one years old. The At-

torney General responded by noting the following:

> Section 32–423 grants immunity to a physician or surgeon licensed by the Commonwealth from civil or criminal liability, subject to the rules of law applicable generally to negligence, by reason of having performed the vasectomy, salpingectomy, or other surgical sterilization procedure authorized by the provisions of §§ 32–423 through 32–424.1 of the Code.
>
> Therefore, voluntary sexual sterilization solely for birth control purposes of a twenty year old married woman who has two children is not authorized under § 32–423 of the Code as amended. *It should be noted that there is no statute which explicitly prohibits a licensed physician from performing a salpingectomy on a twenty year old married woman who has two children with her consent and the consent of her husband. A physician who performs such an operation, however, is not granted statutory immunity from civil or criminal liability, if any, since § 32–426 grants immunity only to physicians who perform those procedures authorized by the provisions of § 32–423, et seq. of the Code.* (Emphasis added).

Clearly the Attorney General of Virginia operates under the belief that § 32–423 does not act to prohibit any surgical sterilization activity not expressly covered and permitted by its proscriptions. Rather he believes the section was intended only to legalize specified operations and immunize the doctors involved. In other words, the statute was intended to encourage sterilizations of a specified nature by immunizing the doctors performing the operations from civil or criminal liability, but it was not intended to prohibit those operations not specifically covered therein.

The plaintiff contends for the application of the maxim of statutory construction *expressio unius est exclusio alterius* to the literal language of § 32–423; § 32–423 prescribes what is lawful and, by exclusion, what is unlawful. The maxim has been increasingly considered to be unreliable, *e. g. National Petroleum Refiners Ass'n v. FTC,* 157 U.S.App. D.C. 83, 482 F.2d 672, 676 (1972), as it often operates contrariwise of fairly clear legislative intentions or operates to artificially fill a void in the statutory framework with one of several possible solutions, the differences between which the legislators may not have analyzed. The latter situation is present here. While there clearly was a group of sterilization procedures that the legislature intended to sanction, it may not be said that all those not included in the sections in controversy are outlawed. The legislators appear to have desired to protect from civil and criminal immunity doctors performing specified sterilization operations. Operations not so specified were not outlawed, but the physicians performing them were not immunized from potential civil and criminal liability, if indeed it exists at all. The question of whether unsanctioned operations are legally permissible was left open, dependent on existing legal constructions. While the plaintiff may have a valid constitutional claim against the imposition of those civil and criminal penalties, if they exist, on the grounds of the right to privacy in reproductive matters, the sections in controversy do not directly prohibit or penalize the alleged exercise of that right. Accordingly, the plaintiff's argument that the section, as it prohibits sterilization operations without the consent of the spouse, is unconstitutional must fail.

■ The plaintiff argues further, however, that even if the sole purpose of § 32–423 and 32–426 is to provide civil and criminal immunity to a physician who performs a sterilization on married persons with spousal consent, these sections are unconstitutional on their face as violative of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. It is argued that the statutes set up two classes of physicians; one of physicians who perform sexual sterilization with spousal consent, another class of physicians who perform sexual sterilizations without

spousal consent. Physicians in the former class are protected from civil and criminal liability by the statutes, while physicians in the latter class are subject to civil and criminal liability. It is asserted that this distinction between the two classes, based on whether or not a spouse has given consent to the operation, is an invidious discrimination which violates the physician's right of equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution. Although the statute operates as to physicians, the named plaintiff as a potential recipient of the medical treatment, has standing to contest their constitutionality. See *Roe v. Wade,* 410 U.S. 113, 124–25, 93 S.Ct. 705, 712, 35 L.Ed.2d 147, 160–61 (1973).

While such discrimination does not involve a classification of the nature of those that the Supreme Court has termed "suspect," i. e. race, alienage or religion,[2] it may infringe on what the plaintiffs allege is a fundamental right— the right of privacy on matters of procreation. See *Roe v. Wade, supra,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Bolton,* 410 U.S. 179, 93 S.Ct. 762, 35 L.Ed.2d 147 (1973); *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942). By encouraging sterilization operations performed with the consent of a spouse the state is in effect discouraging, although not prohibiting, the performance of sterilization operations on married persons without spousal consent. Whether there is an infringement of constitutionally guaranteed rights and, if so, whether the state interest behind the infringement is

justifiable[3] are questions that merit the convening of a three-judge court.

The plaintiffs also argue that even if § 32–423 is assumed not to prohibit the performance of a sterilization on a married person without spousal consent, the plaintiffs' complaint states a cause of action against the defendants as to the application of the Section. Named plaintiff allegedly requested from defendant Dr. Hans Bartold Krebs that she be sexually sterilized. Defendant Krebs refused to perform the operation because plaintiff's husband had not consented. Refusal is allegedly consistent with the policy of the Medical College of Virginia Hospital of refusing to perform a sexual sterilization of a married person unless the spouse of the married person gives written consent. Defendant Temple, as President of the Medical College of Virginia, is the chief officer of said hospital responsible for hospital rules, policies, and regulations. Because the Medical College of Virginia is a public hospital, established and controlled by the State of Virginia, and because defendant Krebs is a state employee, the actions of the defendants may properly be considered to have been taken "under color of law" so as to involve state action, and will support a claim of constitutional deprivation that survives the defendants' motion to dismiss. See *O'Neill v. Grayson County War Memorial Hospital,* 472 F.2d 1140, 1142–43 (6th Cir. 1973); *Sosa v. Board of Managers of Val Verde Memorial Hospital,* 437 F.2d 173, 174 (5th Cir. 1971); *Sams v. Ohio Valley General Hospital Ass'n,* 413 F.2d 826 (4th Cir. 1969); *Simkins v. Moses H. Cone Memorial Hospital,* 323 F.2d 959 (4th Cir. 1963). Cf. *Doe v. Charleston Area Medical Center,* 529 F.2d 638 (4th Cir. 1975); *Duffield v. Charleston Area Medical Center,* 503 F.2d 512 (4th Cir. 1974).

2. See, e. g., *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (Alienage); *McLaughlin v. Florida,* 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964) (Race); *Oyama v. California,* 332 U.S. 633, 68 S.Ct. 269, 92 L.Ed. 249 (1947) (Ancestry).

3. If a state classification infringes upon fundamental rights, the interest furthered must be

justified by a compelling interest. See, e. g., *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (right of personal privacy); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right to travel); *Harper v. Virginia Board of Elections,* 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966) (right to vote in state elections).

This claim, however, is not properly presentable to a three-judge court. Section 2281 of Title 28 of the United States Code does not encompass injunctions sought on the ground that a valid state statute is being executed in a manner prejudicial to the right of a plaintiff. *E. g., Phillips v. United States,* 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941); *Ex parte Bransford,* 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940). Yet, the substance and merit of this particular claim may be substantially decided by the findings of the three-judge court convened in reference to the constitutionality of § 32–423.

Accordingly, the designation of a three-judge court will be requested, the defendants' motion to dismiss will be denied, and the trial on the merits of the claim against the defendants for their allegedly unconstitutional practices will be stayed for determination via this Court until a determination has been made on the constitutionality of § 32–423 of the Virginia Code.

An appropriate order will issue.