24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles H. CAHILL, et al., Plaintiff-Appellant
v.
LIBERTY MUTUAL INSURANCE CO., Defendant-Appellee.
 No. 92-56280.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1994.
Decided April 20, 1994.
 
 1
 Before: WIGGINS and T.G. NELSON, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Cahills, appeal from the district court's orders granting Liberty Mutual Insurance's (hereinafter Liberty) motion to dismiss their complaint without leave to amend and dismissing the action. We vacate the judgment of dismissal and remand to permit the district court to provide a statement of reasons supporting its order denying leave to amend.
 
 
 4
 The Cahills bought certain agricultural property from a non-party, Elkhorn 160 Fruit Company, on or about July 7, 1983. The Cahills allege they did so in reliance upon certain representations included within written advertising materials. These representations were false and were made by AFM.[1]
 
 
 5
 AFM is insured by Liberty under several insurance policies, only one of which, an Umbrella Excess Liability policy, is relevant here.[2] In September of 1986, the Cahills filed a lawsuit in California Superior Court for the County of Los Angeles, Charles H. and Aniko Der Cahill v. A. Duda & Sons, Inc., et al., LASC Case No. C 616848, against AFM.
 
 
 6
 AFM was insolvent and unable to mount a defense. AFM failed to notify its insurer, Liberty, of the Cahills' suit against it. However, counsel for the Cahills did write to Liberty, informing it of the suit and attempting to notify Liberty that a claim on the insurance policy would be made to satisfy any judgment received against AFM. Due to AFM's inability to mount a defense, the court entered default judgment for the Cahills on the second (Negligent Misrepresentation), third (Unfair Competition), and fourth (Negligence) causes of action among others.[3]
 
 
 7
 The Cahills then brought this action for breach of contract[4], against Liberty, to satisfy the default judgment from AFM's insurance policies issued by Liberty. The Cahills claim AFM's liability for the default judgment is covered by the Advertising Injury provision of the Umbrella Excess Liability policy issued by Liberty.
 
 
 8
 On July 6, 1992, Liberty filed a motion to dismiss the complaint on two grounds: for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6); and for failure to join a necessary and indispensable party under Fed.R.Civ.P. 19. On August 18, 1992, the District Court granted the motion to dismiss the complaint without leave to amend in an oral ruling from the bench. The written order was not entered until September 3, 1992. On August 31, 1992, the Cahills filed a motion to vacate or modify the order of dismissal without leave to amend.
 
 
 9
 In spite of the pending motion to vacate or modify the order of dismissal without leave to amend, the district court entered its written order, granting Liberty's motion to dismiss the Cahills' complaint without leave to amend on September 3, 1992 and contemporaneously entered a separate order dismissing the action. Neither of these orders stated on what basis dismissal was granted or leave to amend denied.[5]
 
 
 10
 On October 5, 1992 the district court denied the Cahills' Motion to Vacate or Modify the Final Order of Dismissal was denied. No explanation was provided for this ruling either. This appeal timely followed.
 
 DISCUSSION
 
 11
 A. Dismissal for Failure to Join an Indispensable Party
 
 
 12
 Liberty's Motion to Dismiss was based on Fed.R.Civ.P. 12(b)(6)--failure to state a claim--and alternatively on Fed.R.Civ.P. 19--failure to join an indispensable party. The district court never stated on what basis it granted Liberty's motion to dismiss.
 
 
 13
 Liberty has not argued on appeal that the district court's dismissal should be affirmed on the basis of Rule 19. Furthermore, dismissal for failure to join an indispensable party should rarely if ever result in dismissal of the action with prejudice. Where an indispensable party is not joined, the appropriate action is to dismiss the case, without prejudice, to allow it to proceed in state court or another federal court. Dredge Corp. v. Penny, 338 F.2d 456, 464 (9th Cir.1964). "A trial court's resolution of a Rule 19 issue requires a comprehensive statement of the facts and reasons upon which the decision is based." Bakia v. Los Angeles, County of Cal., 687 F.2d 299, 301 (9th Cir.1982). A dismissal under Rule 19 is reviewed for abuse of discretion and may be vacated where no such statement is found. Id.
 
 
 14
 In any event, neither party has raised this issue on appeal and we conclude that this is not an issue here. The parties proceeded on the assumption that the district court dismissed for failure to state a claim. Therefore, we proceed to analyze the district court's order denying leave to amend after entry of dismissal to see if it is supported on the basis of failure to state a claim.
 
 B. Denial of Leave to Amend
 
 15
 1. A Court May Not Dismiss an Original Complaint Without
 
 
 16
 Leave to Amend Prior to the Filing of a Responsive Pleading
 
 
 17
 The district granted Liberty's Motion to Dismiss without leave to amend the complaint. Liberty had not yet filed a responsive pleading.[6] Therefore the Cahills were entitled to amend once as of course. Fed.R.Civ.P. 15(a).
 
 
 18
 The Cahills contend that because no responsive pleading was ever filed, they were entitled to file an amended complaint as a matter of course, and dismissal without leave to amend deprived them of this right.
 
 
 19
 The Cahills' appeal is specifically addressed only to the order dismissing their complaint without leave to amend. The Cahills do not specifically appeal from the order dismissing the action without leave to amend. However, the Cahills are, for all practical purposes, appealing to obtain an opportunity to amend their complaint. In order to fully address the appeal on this basis, we proceed as though this appeal were from the order dismissing the action as well as from the order dismissing the complaint and denial of leave to amend.
 
 
 20
 The Cahills cite Mayes v. Leipziger, 729 F.2d 605, 608 (9th Cir.1984) for the proposition that "[d]ismissal without leave to amend before the defendant has filed a responsive pleading is reversible error in this Circuit." Id.
 
 
 21
 A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule.... [N]either the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper....
 
 
 22
 Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir.1963) (quoted with approval in Leipziger, 729 F.2d at 607). The Court in Leipziger, reversed the district court's dismissal without leave to amend and remanded to allow the plaintiff to amend its complaint. Leipziger, 729 F.2d at 609.
 
 
 23
 The order dismissing the complaint without leave to amend was improper because the Cahills still had a right to amend once as a matter of course. See, e.g., Leipziger, 729 F.2d 605 and Breier, 316 F.2d 787.
 
 
 24
 2. Under These Circumstances, Dismissal of the Complaint
 
 Without Leave to Amend is Irrelevant
 
 25
 a. Right to Amend as a Matter of Course is Terminated by Entry of Final Judgment
 
 
 26
 The right to amend once as a matter of course may be cut off by the filing of a responsive pleading as well as "entry of final judgment following dismissal of [the] action." Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir.1987); Mayes v. Leipziger, 729 F.2d 607 (9th Cir.1984); Worldwide Church of God, Inc. v. California, 623 F.2d 613, 616 (9th Cir.1980) (quoted in Leipziger 729 F.2d at 607); see also, Breier, 316 F.2d at 789, n. 1 and cases cited there; Smith v. California, 336 F.2d 530 (9th Cir.1964) (right to amend cut off by dismissal of action but not by dismissal of complaint).
 
 
 27
 b. Dismissal of the Action Constituted a Final Judgment
 
 
 28
 The district court below contemporaneously entered two separate orders; the first dismissed the complaint without leave to amend, the second dismissed the action. The latter order was a final judgment of dismissal.
 
 
 29
 "A disposition is final if it contains 'a complete act of adjudication,' that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." In re Slimick, 928 F.2d 304, 307 (9th Cir.1990) (citations omitted). The district court's order dismissing the action fully adjudicated all the issues at bar. Furthermore, the district court later referred to this as a Final Order, when it denied Plaintiffs' Motion for Order Vacating or Modifying the Final Order of Dismissal. The district court and all parties indicated their belief that the order dismissing the action was to be the final act in this matter.
 
 
 30
 Orders dismissing a complaint are ordinarily not final orders, whereas orders dismissing the action are final. See, In re Slimick, 928 F.2d at 307, n. 2; California v. Harvier, 700 F.2d 1217, 1218 (9th Cir.1983) cert. denied, 464 U.S. 820 (1983); Reynolds v. Wade, 241 F.2d 208, 209 (9th Cir.1957) rev'd on other grounds 249 F.2d 73 (9th Cir.1957); Smith v. California, 336 F.2d 530, 532 (9th Cir.1964) (order dismissing action cut off right to amend whereas order dismissing complaint would not).
 
 
 31
 The district court's order dismissing the action constituted entry of final judgment of dismissal and therefore cut off the Cahills' right to amend. Jarvis v. Regan, 833 F.2d at 149; Mayes v. Leipziger, 729 F.2d at 607; Worldwide Church of God, 623 F.2d at 616; see also, Smith v. California, 336 F.2d at 532.
 
 
 32
 c. Dismissal of the Action Independently Terminated the Right to Amend as a Matter of Course
 
 
 33
 Thus, although the order dismissing the Cahills' complaint without leave to amend erroneously denied them their right to amend once as a matter of course, the contemporaneous order dismissing the action constituted a judgment of dismissal and cut off the right to amend. Because both orders were entered contemporaneously, the Cahills' right to amend as a matter of course was terminated at the same time the order dismissing the action without leave to amend was entered. Dismissal of the complaint without leave to amend, under these circumstances, was irrelevant because the right to amend as of course was terminated by dismissal of the action.
 
 3. Denial of Leave to Amend
 
 34
 Denial of leave to amend where leave is necessary and requested is itself appealable for abuse of discretion. See, e.g. Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393 (9th Cir.1986).
 
 
 35
 a. The Cahills were Denied Leave to Amend
 
 
 36
 In the event the district court granted the motion to dismiss, the Cahills did request leave to amend in their opposition to the motion to dismiss,. "Although unnecessary for preservation of [their] right to amend," this certainly put the district court on notice that the Cahills intended to file an amended complaint. Mayes v. Leipziger, 729 F.2d 605, 608 (9th Cir.1984).
 
 
 37
 As in Leipziger, and Nolen v. Fitzharris, 450 F.2d 958 (9th Cir.1971), the order dismissing the complaint without leave to amend should be viewed as denial of a motion for leave to amend. It is of no consequence that no separate motion to amend the pleading was made in the district court. The complaint was dismissed without leave to amend and such a motion would have been futile. Nevertheless, the Cahills did move to vacate the order of dismissal without leave to amend or to modify it to allow leave to amend. The district court denied the motion.
 
 
 38
 The Cahills' alternative request for leave to amend, included in their opposition to the motion to dismiss, was effectively a motion for leave to amend which was denied.
 
 
 39
 In Gillespie v. Civiletti, 629 F.2d 637 (9th Cir.1980) the Court of Appeals reviewed a district court's entry of judgment of dismissal. There, the district court entered an order dismissing the Plaintiff's complaint and a further order entering judgment "which precluded the appellant [plaintiff] from possibly curing the defect in the pleading." Id. at 648. We determined that although the complaint failed to state a claim and dismissal of the complaint was appropriate, entry of judgment was improper because it precluded the plaintiff from amending the complaint in an attempt to cure the complaint of its defects. Id. We remanded the action back to the district court in order to allow the plaintiff to file an amended complaint. Id.
 
 
 40
 b. Denial of Leave to Amend is Reviewed for Abuse of Discretion
 
 
 41
 Orders regarding motions for leave to amend are reviewed for abuse of discretion. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987).
 
 
 42
 While this is a liberal standard of review, the district court must exercise its discretion. Hurn v. Retirement Trust Fund of Plumbing, Etc., 648 F.2d 1252, 1254 (9th Cir.1981). Where the district court denies leave to amend without stating its reasons for doing so the district court has abused its discretion unless the reasons for doing so are readily apparent from the record. DCD Programs, 833 F.2d at 186; Hurn, 648 F.2d at 1254.
 
 
 43
 Here, the district court did not provide any reason for denying leave to amend, nor for its original order granting Liberty's motion to dismiss. Thus, we are provided with no written findings explaining the district court's denial of leave to amend. Therefore, we will affirm the district court's denial of leave to amend only if a reason for doing so is clearly indicated by the record.
 
 
 44
 c. The District Court Abused its Discretion
 
 
 45
 "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, 833 F.2d at 186. The record before us discloses no facts indicating bad faith, undue delay or prejudice to Liberty. Furthermore, the party opposing amendment bears the burden of showing prejudice. Id. at 187 (citing Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir.1977)).
 
 
 46
 The only basis left for affirming the district court's order denying leave to amend is futility of amendment. No proposed amendment was presented to the district court below. This together with Liberty's arguments to this Court indicates the district court may have found dispositive defensive matter on the face of the Cahills' complaint or some other defect[7] which prevented the Cahills from stating a claim and justified denial of leave to amend as any amendment would have been unable to avoid the defensive matter appearing on the face of the complaint.
 
 
 47
 In reviewing the complaint, nothing which would justify a finding that amendment would be futile is clearly indicated by the record. Therefore, the district did abuse its discretion.
 
 CONCLUSION
 
 48
 The district court failed to state its reasons for denying leave to amend. No basis for denying leave to amend is clearly indicated by the record. Therefore, the district court abused its discretion in denying leave to amend. We vacate the judgment of dismissal and remand for a statement of reasons supporting denial of leave to amend. We do not reach the issue of whether the order dismissing the complaint was proper.
 
 
 49
 There may be reasons not indicated by the record for affirming the district court's dismissal of the complaint. Orders dismissing a complaint for failure to state a claim are affirmed "on any basis fairly supported by the record." Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). Review of the order dismissing the complaint would require us to review the entire record for any basis on which the district court might have dismissed. Rather than engaging in such an open ended search we limit ourselves to reviewing the order denying leave to amend.
 
 
 50
 After providing its statement of reasons for denying leave to amend, the district court may reinstate its judgment of dismissal, allow leave to amend, or enter any other appropriate order or judgment and continue proceedings if appropriate.
 
 
 51
 VACATED and REMANDED.
 
 
 
 *
 The Honorable Edward C. Reed, Jr. Senior United States District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 AFM stands for Associated Farm Management. AFM was a business primarily involved in the management of agricultural properties owned by other persons, but also involved in marketing agricultural properties as an adjunct to its primary business. AFM was involved in marketing and advertising the property owned by Elkhorn 160 which the Cahills bought. It is these actions which the Cahills claim are covered by the Liberty Umbrella Excess Liability Policy and which forms the basis of the Cahills claims against Liberty
 
 
 [2]
 The Cahills have abandoned all claims to the other insurance policies in this appeal and proceed only with regard to the umbrella excess liability policy
 
 
 [3]
 Contrary to the contention of Liberty's counsel at oral argument on this appeal, judgment was entered on several causes of action including negligence and not just negligent misrepresentation
 
 
 [4]
 Under California Ins. Code Sec. 11580, a party who has received a judgment against a defendant insured may pursue a "direct action" against the defendant's insurer in certain circumstances. This essentially places the plaintiff, judgment creditor in the shoes of the defendant judgment debtor and allows a third party breach of contract action against an insurer which refuses to pay out insurance benefits. Liberty's insurance policy included a clause providing for "direct actions" against it in conformance with Cal.Ins. Code Sec. 11580. However the policy expanded the situations in which a "direct action" would be allowed beyond those situations mandated in Sec. 11580. Thus, the "direct action" provision of Liberty's policy as it relates to this action is a contractual and not a statutory provision
 
 
 [5]
 This is contrary to counsel for Liberty's contention at oral argument that the district court based its decision on Liberty's moving papers. While counsel might assume this, there is nothing to indicate the district court dismissed the complaint and action and denied leave to amend on the basis of the moving papers. Furthermore, Liberty itself admitted that it was impossible to determine which of its five asserted grounds for dismissal might have been the basis for dismissal. See, Liberty's Opposition to Plaintiff's Motion for Order Vacating or Modifying Final Order etc. at Dist.Ct. # 16, filed September 4, 1992
 
 
 [6]
 A motion to dismiss is not a responsive pleading. Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir.1963); Mayes v. Leipziger, 729 F.2d 605, 608 (9th Cir.1984) (citing Breier )
 
 
 [7]
 Liberty advances several arguments supporting dismissal of the action and denial of leave to amend. Among others: that the Cahills may not as third-party plaintiffs bring a direct action against Liberty as the insurer of AFM; that the complaint affirmatively indicates a failure to comply with dispositive conditions of the insurance contract; that the judgment against AFM provided only for restitutionary damages which are not insurable in California; and that the Cahills' injuries are not covered by the Advertising Injury policy under which the Cahills base their claim